**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JULIAN MORENO,

        Plaintiff - Appellant,

v.

TAOS COUNTY BOARD OF
COMMISSIONERS; DEPUTY CARLOS
ARCHULETA, in his individual
capacity,

        Defendants - Appellees,

and

DEPUTY PAUL GARCIA, in his
individual capacity,

        Defendant.

No. 13-2152
(D.C. No. 6:10-CV-01097-WJ-ACT)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Julian Moreno appeals from a jury verdict in favor of the Taos County Board of Commissioners and Deputy Carlos Archuleta on his excessive force claim under 42 U.S.C. § 1983 and state-law tort claims. Moreno challenges certain evidentiary rulings by the district court, and argues that he is entitled to a new trial. We have jurisdiction under 28 U.S.C. § 2191, and we affirm.

## I. Background

In June 2009, Deputy Archuleta, a deputy in the Taos County Sheriff's Department, arrested Moreno after he caused an auto accident while driving under the influence of alcohol. Moreno was handcuffed and placed in the back of Deputy Archuleta's police vehicle. Another Taos County deputy, Paul Garcia, was also at the scene investigating the auto accident. According to Deputy Garcia, Moreno was banging his head inside the police vehicle. Eventually, Moreno became more irate, kicking his feet and attempting to flee the vehicle. Deputy Garcia had to use physical measures to restrain Moreno. Deputy Archuleta ultimately grabbed Deputy Garcia's Taser from his holster and tased Moreno in the drive-stun mode.

Moreno filed this action in New Mexico state court against the Board of County Commissioners and Deputies Archuleta and Garcia in their individual capacities. He alleged unreasonable seizure and excessive use of force in violation of the Fourth Amendment, and state torts of battery and negligent hiring, training, and supervision. Defendants removed the action to the United States District Court for

the District of New Mexico. The parties disputed whether Moreno was tased once, as claimed by Deputies Archuleta and Garcia, or three times, as claimed by Moreno.

Before trial, the district court ruled on certain motions, including a motion filed by Moreno alleging spoliation of evidence related to the Taser, and a motion in limine filed by defendants seeking to exclude evidence of violations of Taos County policy. As to Moreno's motion, he argued that the Tasers used by Taos County have the capability of recording use of the Taser, and defendants failed to preserve this information. He also argued that defendants failed to photograph the Taser, book the Taser and Taser cartridges, and photograph the Taser impact sites on Moreno's body, as required by Taos County policy. Moreno requested spoliation sanctions in the form of an adverse inference instruction to the jury. The district court denied the motion on the grounds that Moreno failed to prove that defendants acted in bad faith.

As to defendants' motion, they argued that violation of standard police operating procedures is insufficient to support a claim of a constitutional violation. Accordingly, they sought to exclude testimonial or documentary evidence related to violation of Taos County policy related to the use of the Taser. The district court granted defendants' motion.

The action was tried to a jury. Moreno did not testify in support of his claims at trial. Accordingly, defendants' trial testimony providing that Deputy Archuleta tased Moreno once in the arm for a very short duration, while in the Taser's

drive-stun mode, was uncontroverted.  The jury returned a verdict for defendants, and Moreno appeals.[1]

## II.     Discussion

Moreno challenges the district court's evidentiary rulings arguing that the district court abused its discretion.  He contends the court erred (1) by refusing to give the jury an adverse inference instruction based on defendants' spoliation of the Taser; and (2) by excluding evidence of violation of Taos County policy regarding the use of Tasers.  Moreno claims these errors constitute reversible error entitling him to a new trial.  As discussed below, we conclude the district court did not abuse its discretion.

### A. Spoliation of Taser Evidence

We review a district court's decision to give or refuse an adverse inference instruction for abuse of discretion.  *Gilbert v. Cosco Inc*., 989 F.2d 399, 406 (10th Cir. 1993).  We review its finding of bad faith or mere negligence for clear error.  *Turner v. Pub. Serv. Co. of Colo.*, 563 F.3d 1136, 1149-50 (10th Cir. 2009).

"Spoliation is . . . the intentional destruction of evidence that is presumed to be unfavorable to the party responsible for its destruction."  *United States v. Copeland*, 321 F.3d 582, 597 (6th Cir. 2003).  Sanctions for spoliation of evidence are appropriate when the party "had a duty to preserve the evidence because it knew or should have known that litigation was imminent, and [the other party] was prejudiced

---

[1]     Moreno does not appeal the district court's decisions regarding Deputy Garcia.

by the destruction of the evidence." *103 Investors I, L.P. v. Square D Co*., 470 F.3d 985, 989 (10th Cir. 2006). An adverse inference instruction may be an appropriate sanction for spoliation of evidence. *See id*. at 988. But to warrant an adverse inference instruction, a party must submit evidence of intentional destruction or bad faith. *Henning v. Union Pac. R.R. Co*., 530 F.3d 1206, 1220 (10th Cir. 2008); *see also Aramburu v. Boeing Co*., 112 F.3d 1398, 1407 (10th Cir. 1997) ("The adverse inference must be predicated on the bad faith of the party destroying the records."). "Mere negligence in losing or destroying records is not enough because it does not support an inference of consciousness of a weak case." *Aramburu*, 112 F.3d at 1407.

Moreno argues that the Taser was "the one piece of evidence that would have objectively indicated the number of times and duration that [he] was tased by [Deputy] Archuleta." Aplt. Opening Br. at 13. He claims that because Taos County had a policy concerning the preservation of a Taser after its use, and Deputy Archuleta should have understood the importance of securing this evidence, then Deputy Archuleta's failure to preserve was done in bad faith. *See id*. at 15-16. Accordingly, he argues that the district court "abused its discretion and prejudiced [Moreno] in presenting his case at trial" by refusing to give an adverse inference instruction. *Id*. at 13. He requests that this court "reverse the district [c]ourt [o]rder precluding an adverse inference jury instruction" and remand for a new trial. *Id*. at 18.

Although this matter went to trial, we construe Moreno's argument as an appeal from the district court's denial of his pretrial motion seeking an adverse inference instruction. In his motion to the district court, Moreno argued that defendants failed to preserve the Taser by failing to book the Taser and its cartridges into evidence, photograph the Taser, and photograph the Taser impact sites on his body. He also argued that Deputy Archuleta failed to include use of the Taser in the initial incident report. Moreno claimed these actions violated Taos County policy and evidenced bad faith. The district court denied the motion, finding no evidence of bad faith on the part of defendants.

Relying on deposition testimony of Taos County officers, the district court reasoned that Taos County policy regarding the booking and collection of evidence after a Taser discharge did not apply. The policy to which Moreno referred was entitled "Responsibilities after Taser Discharge." Taos County officers explained that "discharge" of a Taser requires use of a Taser in dart-mode, when the cartridge is discharged. The district court concluded that because Deputy Archuleta did not discharge the Taser, but, instead, used it in drive-stun mode, which does not use a cartridge, the policy was inapplicable. It further considered Deputy Archuleta's deposition testimony that he understood Taos County policy to require booking the Taser and cartridge into evidence only when a cartridge had been used. The district court determined that Moreno failed to submit evidence showing that the failure to preserve was in bad faith, as opposed to mere negligence. Additionally, it

determined Moreno failed to show that defendants had an obligation to preserve the Taser evidence because they were aware that litigation might be imminent.

We have reviewed the record and conclude the district court's factual finding that there was no bad faith is not clearly erroneous. *See Turner*, 563 F.3d at 1149-50. The district court therefore did not abuse its discretion in denying Moreno's pretrial motion requesting an adverse inference instruction.

We further note that although this action proceeded to trial, Moreno does not tell us whether he asked for a trial ruling regarding a proposed adverse inference instruction. Nor does he point to the record that he presented evidence at trial in support of an adverse inference instruction. He also does not argue that he proffered an adverse inference jury instruction at trial that was denied by the district court. And he does not provide us with a transcript of the jury instruction conference held in this matter. To the extent that Moreno seeks to challenge any such adverse trial ruling, Moreno has waived appellate review. *See Perry v. Woodward*, 199 F.3d 1126, 1141 n.13 (10th Cir. 1999) ("This court will not craft a party's arguments for him."); *see also* Fed. R. App. P. 28(a)(8)(A) (explaining that appellant's argument must contain contentions with citations to the authorities and parts of the record on which he relies).

## B. Exclusion of Taos County Policy Evidence

We review a district court's ruling on motions in limine, and its determination to exclude evidence, for abuse of discretion. *Cavanaugh v. Woods Cross City*,

718 F.3d 1244, 1249 (10th Cir. 2013) (motion in limine); *Tanberg v. Sholtis*,

401 F.3d 1151, 1162 (10th Cir. 2005) (exclusion of evidence).

Moreno argues that the district court erred in excluding evidence of violation

of Taos County policy related to the use of the Taser because such evidence was

relevant to his state-law tort claims. In ruling on defendants' motion in limine to

exclude evidence of violation of the policy, the district court observed the irrelevance

of such a violation to the determination of Moreno's Fourth Amendment excessive

force claim. It further determined that the probative value of evidence of violation of

the policy was outweighed by the danger that the jury would use a violation of the

policy to find a constitutional violation. Accordingly, it granted defendants' motion

in limine. We find no abuse of discretion by the district court.

The violation of police operating procedures is insufficient to ground a § 1983

claim for excessive force under the Fourth Amendment. *Tanberg*, 401 F.3d at 1163;

*Marquez v. City of Albuquerque*, 399 F.3d 1216, 1222 (10th Cir. 2005) (stating that

"violations of state law and police procedure generally do not give rise to a [§] 1983

claim for excessive force" (internal quotation marks omitted)). This principle stems

from the requirement to assess the constitutionality of an officer's conduct under the

Fourth Amendment's objective reasonableness standard. *Marquez*, 399 F.3d at 1222;

*see also Cavanaugh*, 718 F.3d at 1248 (stating that the reasonableness of an officer's

use of force must be "judged from the perspective of a reasonable officer on the

scene, rather than with the 20/20 vision of hindsight" (internal quotation marks

omitted)). "That an arrest violated police department procedures does not make it more or less likely that the arrest implicates the Fourth Amendment, and evidence of the violation is therefore irrelevant." *Tanberg*, 401 F.3d at 1163-64. The district court's finding that evidence of violation of Taos County policy was inadmissible as to the excessive force claim comports with our Fourth Amendment jurisprudence.

Further, we "accord considerable deference to a trial court's determination that evidence is likely to cause jury confusion." *Id.* at 1164. In *Tanberg*, we affirmed a district court's determination that evidence of police standard operating procedures was inadmissible because the evidence was irrelevant to the Fourth Amendment excessive force claim and was likely to cause jury confusion regarding state-law claims for assault and battery. *See id.* at 1162, 64. Similarly here, we conclude that it was not an abuse of discretion for the district court to exclude evidence of the violation of Taos County policy on the basis of jury confusion with regard to Moreno's state-law claims. Finally, even if the district court's exclusion of evidence amounted to an abuse of discretion, such error is not reversible error as it did not affect Moreno's substantial rights. *See* Fed. R. Evid. 103(a); *United States v. Charley*, 189 F.3d 1251, 1270 (10th Cir. 1999) (stating that an error affects the substantial rights of a party if it "had a substantial influence on the outcome or which leaves one in grave doubt as to whether it had such effect" (internal quotation marks, brackets, omitted)).

### III.    Conclusion

For the foregoing reasons, we find no error in the district court's evidentiary rulings that would entitle Moreno to a new trial on his claims against the Board and Deputy Archuleta.  The judgment of the district court is affirmed.

Entered for the Court


Timothy M. Tymkovich
Circuit Judge